**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| **v.** | **:** | **CRIMINAL NO. 19-182** |
| **DOROTHY RECARDE** | **:** | |

**ORDER**

AND NOW, this _____ day of __________, 2019, upon consideration of the *Defendant's Motion to Dismiss Improper Indictment with Prejudice, Motion for Rule 11 Sanctions on Government Employees,* and the Government's response in opposition thereto, it is hereby

**O R D E R E D**

that the Motion is **DENIED**.

**BY THE COURT:**

_________________________________
**HONORABLE PAUL S. DIAMOND**
**United States District Court Judge**
**Eastern District of Pennsylvania**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO. 19-182** |
| **DOROTHY RECARDE** | : | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S *PRO SE* MOTION FOR DISMISSAL OF INDICTMENT AND RULE 11 SANCTIONS**

The United States of America, by its undersigned attorneys, William M. McSwain, United States Attorney for the Eastern District of Pennsylvania, and Yvonne Osirim, Assistant United States Attorney, respectfully submits this response in opposition to the defendant Dorothy Recarde's *pro se* motion for dismissal of the indictment, and for "Rule 11 Sanctions on Government Employees."

On March 28, 2019, a federal grand jury sitting in this district returned a two-count indictment charging Dorothy Recarde with one count of filing a retaliatory lien in violation of 18 U.S.C. § 1521, and one count of corruptly endeavoring to obstruct or impede the due administration of the Internal Revenue Service, in violation of 26 U.S.C. § 7212(a). The charges arise from Recarde's filing of $15,000,000 worth of false liens against an IRS Revenue Officer who initiated levy actions on the defendant's corporate bank accounts in order to satisfy outstanding tax obligations of the defendant's company, Summerbeam Woodworking, Inc.

On April 29, 2019, the defendant made her initial appearance on the indictment, and conditions of release were ordered by the Honorable Richard A. Lloret. On the same day, the

defendant filed a *pro se* motion entitled "Motion to Dismiss Improper Indictment with Prejudice, Motion for Rule 11 Sanctions on Government Employees," in which the defendant challenges: (1) the sufficiency of the government's service of the criminal indictment in this case; (2) the veracity of the indictment itself, and (3) the indictment's compliance with federal rules in light of a purportedly illegible signature of the United States Attorney, and the absence of a signature by the Grand Jury Foreperson, on the copy of the indictment with which the defendant was served. These claims and the motion in which they are stated should be denied as frivolous.

## I. <u>DEFENDANT'S ARGUMENTS ARE FRIVOLOUS</u>

In her motion papers, the defendant relies on the Federal Rules of Civil Procedure – civil rules that are entirely inapplicable to criminal proceedings – to advance a claim that the indictment is somehow deficient because it lacks a "wet ink" or otherwise legible signature from either the United States Attorney, the Assistant United States Attorney, or the grand jury foreperson. *See* Motion to Dismiss at ¶¶ 4, 5, and 9. The claim is meritless. First, the indictment is, in fact, signed by the Deputy Criminal Chief of White Collar Crime, a designee of the United States Attorney authorized to approve criminal indictments in this district. Second, the indictment returned by the grand jury was signed by the grand jury foreperson. The copy of the indictment given to the defendant is the courtesy copy of the indictment that was provided to the clerk's office and filed on the docket in this case – the standard practice in every criminal case in this district. The defendant is free to obtain from the clerk's office a copy of the indictment bearing the foreperson's signature.

The defendant argues that she was not properly served with the indictment in this case. *See* Motion to Dismiss at ¶ 3. The claim is entirely frivolous. Here again, the defendant

rests her argument on the Federal Rules of Civil Procedure, which are inapplicable to this criminal case. Moreover, U.S. Treasury Inspector General for Tax Administration (TIGTA) Special Agents hand delivered a courtesy copy of the indictment directly to the defendant at her home on April 18, 2019. Furthermore, the defendant made her initial appearance before the Honorable Magistrate Judge Richard A. Lloret on April 29, 2019, at which time the court made her aware of the charges against her.

The remainder of the defendant's motion consists essentially of allegations that victim Z.M. – referenced in the criminal indictment – has misrepresented the facts in various fora. *See* Motion to Dismiss at ¶ 6. These arguments are not properly raised in the form of a motion to dismiss. The defendant's challenges to the facts underlying the instant prosecution may be raised in defense arguments at trial.

Finally, there is no basis to the defendant's allegations that the government in any way "tampered" with any witnesses, and as such, a motion for Rule 11 sanctions is without merit. *See* Motion to Dismiss at ¶ 11. Lodging such a serious accusation appears to be nothing more than an intimidation tactic on behalf of the defendant, and consistent with tactics often employed by individuals subscribing to sovereign-citizen ideology. The defendant has not claimed, nor can she, that the government has failed to comply with the Federal Rules of Criminal Procedure. For this and the reasons articulated above, her motion must be dismissed.

## III. CONCLUSION

The defendant's motion is frivolous and entirely without merit. Accordingly, the government respectfully requests that the Court dismiss the defendant's motion.

Respectfully submitted,

WILLIAM M. McSWAIN
United States Attorney

/s/ Yvonne Osirim
YVONNE OSIRIM
Assistant United States Attorney

Dated: May 6, 2019

**CERTIFICATE OF SERVICE**

I certify that on this day I caused a true and correct copy of the Government's motion in opposition to the defendant's *pro se* motion:

Dorothy A. Recarde
277 W. Shady Road
Kirkwood PA 17536

/s/ Yvonne Osirim
YVONNE OSIRIM
Assistant United States Attorney

Dated: May 6, 2019