**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO. 19-182** |
| | : | |
| **DOROTHY RECARDE** | : | |

# **ORDER**

AND NOW, this day of , 2019, upon consideration of the defendant's Motion for Early Disclosure of *Jencks* Material and Material Under Federal Rule of Criminal Procedure 26.2 [DE 22], Motion for Disclosure of Evidence Favorable to the Defendant (Brady Material) [DE 21], Motion for Discovery Pursuant to Rule 16 of the Federal Rules of Criminal Procedure [DE 20], and the government's omnibus response thereto, the defendant's motions are DENIED AS MOOT.

BY THE COURT:

__________________________________
HONORABLE PAUL S. DIAMOND
*Judge, United States District Court*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO. 19-182** |
| | : | |
| **DOROTHY RECARDE** | : | |

**GOVERNMENT'S OMNIBUS RESPONSE TO DEFENDANT'S MOTIONS TO COMPEL DISCOVERY AND EARLY PRODUCTION OF JENCKS MATERIAL**

The United States of America, by and through its attorneys, William M. McSwain, United States Attorney for the Eastern District of Pennsylvania, and Yvonne O. Osirim, Assistant United States Attorney for the District, respectfully submits this omnibus response in opposition to defendant Dorothy Recarde's Motion for Early Disclosure of Jencks Material and Material Under Federal Rule of Criminal Procedure 26.2 [DE 22], Motion for Disclosure of Evidence Favorable to the Defendant (Brady Material) [DE 21], Motion for Discovery Pursuant to Rule 16 of the Federal Rules of Criminal Procedure [DE 20].

## I. PROCEDURAL BACKGROUND

On March 28, 2019, a federal grand jury sitting in the Eastern District of Pennsylvania returned a two-count indictment charging defendant Dorothy Recarde with filing a false lien against an employee of the Internal Revenue Service ("IRS") on account of that employee's performance of his official duties, in violation of 18 U.S.C. § 1521, and for corruptly endeavoring to obstruct and impede the due administration of the IRS by filing two false liens against an IRS revenue officer in response to that officer's initiation of levy actions against Recarde's company, in violation of 26 U.S.C. § 7212(a). Trial in this matter is currently set for September 24, 2019 – that is, over three months from now.

On June 14, 2019, defendant Dorothy Recarde through counsel, filed a Motion for Early Disclosure of *Jencks* Material and Material Under Federal Rule of Criminal Procedure 26.2 [DE 22], a Motion for Disclosure of Evidence Favorable to the Defendant (Brady Material) [DE 21], and a Motion for Discovery Pursuant to Rule 16 of the Federal Rules of Criminal Procedure [DE 20]. These motions should be denied.

## II. <u>ARGUMENT</u>

By motion filed June 26, 2014, the defendant seeks an order to compel the early disclosure of Jencks Act materials, as well as the timely production of exculpatory and impeachment evidence to avoid unnecessary recesses and delays at the time of trial. To date, the government has produced 1,769 pages of discovery materials in this case and will continue to provide additional discovery as it becomes available. Notwithstanding this, the defendant's requests for the early production of Jencks Act, exculpatory and impeachment materials should be denied as moot.

The Jencks Act, 18 U.S.C. § 3500, and its implementing rule, Fed. R. Crim. P. 26.2, provide for disclosure of a testifying witness' statements at trial, upon the conclusion of the witness' testimony. Specifically, the Jencks Act provides:

> *After a witness called by the United States has testified on direct examination*, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified. If the entire contents of any such statement relate to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use.

18 U.S.C. § 3500(b) (emphasis added). Fed. R. Crim. P. 26.2 codifies this statutory requirement in the Rules of Criminal Procedure as follows:

> *After a witness other than the defendant has testified on direct examination*, the court, on motion of a party who did not call the witness, must order an attorney

> for the government or the defendant and the defendant's attorney to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter of the witness's testimony.

Fed. R. Crim. P. 26.2(a) (emphasis added). Notably, the Jencks Act itself expressly bars earlier disclosure:

> In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

18 U.S.C. § 3500(a).

Notwithstanding the consistency and clarity of the Jencks Act and the related provision of the Federal Rules of Criminal Procedure, defendant Riley seeks disclosure of various items claimed to be within the scope of the Jencks Act, such as written statements of witnesses, grand jury testimony of witnesses, law enforcement officers notes, and other items,[1] well in advance of trial. No legal basis exists for the relief sought; the motion should be denied.

Interpreting the Jencks Act and Rule 26.2, the Supreme Court and Third Circuit Court of Appeals have repeatedly confirmed that Jencks Act material pertaining to a particular witness need not be produced until after the witness testifies at trial. Palermo v. United States, 360 U.S. 343, 349 (1959) ("Subsection (a) [of 18 U.S.C. § 3500] requires that no statement of a government witness made to an agent of the Government and in the Government's possession shall be turned over to the defense until the witness has testified on direct examination."); United States v. Murphy, 569 F.2d 771, 773 ("The blunt command of the statute together with the unequivocal

[1] The government observes that some of the items sought to be disclosed by defendant Riley are not subject to the Jencks Act in any case, and are therefore not subject to disclosure at any time. For example, a prosecutor's notes of a witness interview which have not been reviewed or adopted by the witness do not qualify as the witness's statement, and are therefore not subject to disclosure under the Jencks Act. See United States v. Gross, 961 F.2d 1097, 1105 (3d Cir. 1992); accord United States v. O'Malley, 796 F.2d 891, 900 (7th Cir. 1986).

legislative history has led to unbroken precedent in the Courts of Appeals denying to district courts the power to compel production of the statements of government witnesses until conclusion of direct examination at the trial."); United States v. Kenny, 462 F.2d 1205, 1212 (3d Cir. 1972) (recognizing compliance with Jencks Act via disclosure of witness statements during trial); United States v. Scolnick, 392 F.2d 320, 327 (3d Cir. 1968) ("Before a defendant is entitled to the delivery of a statement under the so-called Jenks Act, 18 U.S.C. § 3500, the Government witness must have testified and the statement must relate to the subject matter of the testimony. This is true even though the statements may relate to the subject matter of the indictment."); cf. United States v. Higgs, 713 F.2d 29, 44 (3d Cir. 1983) (holding that material required to be disclosed pursuant to Gilgio v. United States, 405 U.S. 150 (1972) and provided to defendant on day of witness' testimony was timely disclosed). See also In re United States, 834 F.2d 283 (2d Cir. 1987); United States v. Algie, 667 F.2d 569, 571 (6th Cir. 1982); United States v. Litman, 547 F. Supp. 645, 652 (W.D. Pa. 1982). Accordingly, the defendant is not entitled to the disclosures sought.

Nevertheless, the government recognizes that strict compliance with the Jencks Act and Rule 26.2 may create inefficiency at trial, in that the disclosure of witnesses' statements following their testimony may require the interruption of trial in order to permit defense counsel to review the statements prior to cross-examination. For this reason, the Government voluntarily agrees to provide Jencks Act material sufficiently in advance of trial (approximately two weeks before the start of trial) to permit counsel to be fully advised of each witness's statements well before his or her testimony, and thus to avoid any unnecessary delay. The Third Circuit approves this practice. See Murphy, 569 F.2d at 773 n.5 ("[T]here is a prevailing practice by government attorneys of delivering Jencks material to defense counsel sufficiently in advance of the conclusion of direct examination to obviate trial interruptions solely to permit defense counsel to study the

disclosures. That is a salutary practice and we encourage it."). The government intends to follow just that practice in this matter. Court-ordered disclosure at this juncture, however, is premature.

The substantial majority of the categories of documents otherwise requested by the defendant fall within the ambit of *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny. The government recognizes that it has a constitutional obligation to disclose to the defense matters that are exculpatory, *Brady v. Maryland*, 373 U.S. 83 (1963), or that are materially favorable to the defendant, *United States v. Argurs*, 427 U.S. 97 (1976), *Kyles v. Whitley*, 514 U.S. 419, 437 (1995). The duty to disclose materially favorable evidence also includes disclosure of impeachment evidence of a material witness. *United States v. Bagley*, 473 U.S. 667, 676 (1985); *Giglio v. United States*, 405 U.S. 150, 150-51 (1972).

Pursuant to these obligations, the government has, and shall continue to, comply fully with its discovery obligations under *Brady* and its progeny. Should the government uncover any exculpatory materials, it will provide them to the defendant promptly.

With respect to *Giglio* material, the precedent in this circuit teaches that such impeachment material must ordinarily be disclosed "in time for its effective use at trial." *United States v. Higgs*, 713 F.2d 38, 44 (3d. Cir. 1983). Reasoning that the purpose of requiring disclosure of impeachment information is only to give the defense an opportunity to effectively cross-examine the government's witnesses at trial, and not to assist the defense in a general pretrial investigation, the *Higgs* court found that it was an abuse of discretion for the trial court to order disclosure of *Giglio* material one week prior to trial. *See Higgs*, 713 F.2d at 44-45.

In the instant case, the defendant has made no showing to justify early disclosure of *Giglio* material, and such request should be denied. However, to allow for the efficient conduct of trial, the government agrees voluntarily to turn over any impeachment materials

related to its witnesses at least two weeks prior to trial, at the same time that the government furnishes, under the Jencks Act, its witnesses' statements. Recognizing its obligations under *Brady*, Fed. R. Crim. P. 16, *Giglio*, and the Jencks Act, the government will provide any additional materials not already provided as required.

## III. CONCLUSION

Although government is voluntarily agreeing to provide Jencks Act and *Giglio* material to the defendant two weeks prior to trial, and to promptly provide any and all documents favorable to the defense, this motion to compel discovery and early Jencks material is without legal basis and should be denied.

Respectfully submitted,

WILLIAM M. McSWAIN
United States Attorney

/s/ Yvonne O. Osirim
YVONNE O. OSIRIM
Assistant United States Attorney

Date: June 19, 2019

**CERTIFICATE OF SERVICE**

I hereby certify that on June 20, 2019, the within Government's Omnibus Response to the Defendant's Motions to Compel Discovery and Early Production of *Jencks* Material and proposed form of Order was filed electronically with the Case Management/Electronic Case Filing System ("CM/ECF") for the Federal Judiciary. Notice of this filing will be sent to all parties by operation of the Notice of Electronic Filing system, and the parties to this action may access this filing through CM/ECF.

/s/ Yvonne O. Osirim
YVONNE O. OSIRIM
Assistant United States Attorney

Date: June 19, 2019