**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Crim. No. 19-182** |
| | : | |
| **DOROTHY RECARDE** | : | |

**O R D E R**

**AND NOW**, this 27th day of June, 2019, upon consideration of Defendant Dorothy Recarde's Motion for Discovery Pursuant to Federal Rule of Criminal Procedure 16 (Doc. No. 20); Motion for Release of *Brady* Material (Doc. No. 21); Motion for Early Disclosure of Jencks Act Material (Doc. No. 22); and the Government's Response (Doc. No. 24), it is hereby **ORDERED** that:

1. Defendant's Motion for Discovery Pursuant to Federal Rule of Criminal Procedure 16 (Doc. No. 20) is **DENIED as moot**. See (Gov't's Resp. 5–6 ("Recognizing its obligations under Brady, Fed. R. Crim. P. 16, *Giglio*, and the Jencks Act, the Government will provide any additional materials not already provided as required.")); United States v. Ramos, 27 F.3d 65, 68 (3d Cir. 1994) (discovery is limited to those materials outlined in Rule 16 "with some additional material being discoverable in accordance with statutory pronouncements and the due process clause of the Constitution," such as Jencks Act and *Brady* materials);
2. Defendant's Motion for Disclosure of *Brady* Material (Doc. No. 21) is **DENIED as moot**. See (Gov't's Resp. 5 ("the Government has, and shall continue to, comply fully with its discovery obligations under *Brady* and its progeny").) Defendant may renew her Motion in the event that the Government fails to comply with its obligations; and

3. Defendant's Motion for Early Disclosure of Jencks Act Material (Doc. No. 22) is **DENIED without prejudice**. See 18 U.S.C. § 3500(a); United States v. Hill, 976 F.2d 132, 140 (3d Cir. 1992); (see also Gov't's Resp. 4 ("the Government voluntarily agrees to provide Jencks Act material . . . approximately two weeks before the start of trial").)

**AND IT IS SO ORDERED.**

June 27, 2019

*/s/ Paul S. Diamond*

Paul S. Diamond, J.